IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA SEISE,<br><br>    Plaintiff,<br><br>v.<br><br>ROGERS CORPORATION,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, AMANDA SEISE, by and through her attorneys, and for her Complaint against the Defendant, ROGERS CORPORATION, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., as amended.

**JURISDICTION AND VENUE**

2. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2020-06329, with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2020.

    b. The EEOC issued a Notice of Right to Sue to Plaintiff for said charge on August 18, 2020.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in Chicago, Illinois.

6. On information and belief, Defendant is a corporation of the State of Massachusetts, which is registered with the Secretary of State to conduct business in Illinois, and which has its principal place of business in Chandler, Arizona.

7. Plaintiff and Defendant are each "persons" as defined in 42 U.S.C. § 12111(7), as they meet the definition of a person as defined in 42 U.S.C. § 2000e(a), in that they both "include[] one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations…."

8. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as she is an individual who was employed by the Defendant, an employer.

10. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

## BACKGROUND FACTS

11. Plaintiff began her employment with Defendant during or about August of 2018.

12. Plaintiff's most recent position with Defendant was as a machine operator.

13. During her employment Plaintiff performed the duties of her position to all

legitimate expectations.

14. During and prior to early February of 2020, Plaintiff was employed at Defendant's facility in Carol Stream, Illinois

15. During or about the first week February of 2020, Plaintiff was diagnosed with multiple illnesses, including kidney, liver, and urinary tract infections, and bronchitis.

16. The conditions from which Plaintiff suffered as described above, are "disabilities" as defined in 42 U.S.C. § 12102(1), as they are physical and/or mental impairments that substantially limit one or more major life activities of Plaintiff.

17. On or about February 3, 2020, went to the emergency room at Advocate Illinois Masonic Medical Center because she was suffering from shortness of breath, fever, and chills. Plaintiff called Defendant's attendance line to advise Defendant that she could not be at work that day.

18. On or about February 5, 2020, Plaintiff collapsed on her way to work and again went to the emergency room, this time at AMITA Health Saints Mary and Elizabeth Medical Center. During this visit to the hospital, Plaintiff was diagnosed with kidney, liver, and urinary tract infections.

19. Plaintiff's treating physicians told Plaintiff not to return to work until February 10, 2020 and indicated as such on Plaintiff's medical paperwork which was later provided to Defendant.

20. During Plaintiff's absence from work, she contacted her supervisors, Dimitris Bernard and William (last name unknown), and Defendant's attendance phone line, each day to inform them of her condition and her need for a few days off from work to recover.

21. By her actions as set forth above, Plaintiff requested reasonable accommodations

for her disabilities to allow her the brief period of time needed to recover from her illnesses.

22. When Plaintiff returned to work on February 10, 2020, she submitted her medical paperwork to representatives in Defendant's human resources department. Plaintiff was then allowed to return to her workstation and begin her job duties for the day.

23. After working part of her shift on February 10, 2020, Plaintiff was called into her supervisors' office and her employment was terminated.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### DUE TO DISCRIMINATION

24. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 23 above as if reiterated herein.

25. Plaintiff is a qualified individual who suffered from disabilities, including kidney, liver, and urinary tract infections, and bronchitis.

26. Plaintiff was qualified and able to perform the essential functions of her job, with or without a reasonable accommodation.

27. Defendant intentionally discriminated against Plaintiff on the basis of her disabilities by refusing to provide reasonable accommodations for Plaintiff's disabilities, retaliating against her for requesting a brief time off from work due to her disabilities, and terminating Plaintiff's employment due to her disabilities.

28. In taking such actions, Defendant also retaliated against Plaintiff because of her disabilities, her requests for reasonable accommodations due to her disabilities, and/or for engaging in a protected activity, as set forth herein.

29. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory treatment of Plaintiff, retaliation against Plaintiff, and termination of Plaintiff's employment violated the ADA.

30. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

31. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a protected activity, as set forth above.

32. The discriminatory and retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

33. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her disabilities with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her disabilities. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her, but for Defendant's unlawful and illegal discriminatory and retaliatory acts and practices.

34. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DUE TO RETALIATION

35. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 34 above as if fully reiterated herein.

36. Defendant intentionally discriminated against Plaintiff on the basis of her disabilities by refusing to provide reasonable accommodations for Plaintiff's disabilities, retaliating against her for requesting a brief time off from work due to her disabilities, and terminating Plaintiff's employment due to her disabilities.

37. In taking such actions, Defendant also retaliated against Plaintiff because of her disabilities, her requests for reasonable accommodations due to her disabilities, and/or for engaging in a protected activity, as set forth herein.

38. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory treatment of Plaintiff, retaliation against Plaintiff, and termination of Plaintiff's employment violated the ADA.

39. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

40. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a protected activity, as set forth above.

41. The discriminatory and retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

6

42. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her disabilities with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her disabilities. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her, but for Defendant's unlawful and illegal discriminatory and retaliatory acts and practices.

43. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff, AMANDA SEISE, respectfully prays this Honorable Court enter judgment against Defendant, ROGERS CORPORATION, as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in

      violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees for exercising their rights under the ADA;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices of Defendant and the willful violations of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant, and for the willful violations of Defendant;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff compensatory, liquidated, and/or punitive damages as allowed by applicable law, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

AMANDA SEISE

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com